**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shane X. Littles,<br><br>    Petitioner,<br><br>v.<br><br>United States of America,<br><br>    Respondent. | No. CV-15-00337-TUC-CKJ (BGM)<br><br>**REPORT AND RECOMMENDATION** |

  Currently pending before the Court is Petitioner Shane X. Little's *pro se* Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Petition") (Doc. 1). Although originally filed as a motion under 28 U.S.C. § 2255 in the United States District Court for the District of New Jersey, that court held that "the Petition is construed as a petition filed pursuant to 28 U.S.C. §2241." USDC, D. N.J., Civil Case No. 14-6371 (NLH), Order 4/10/2015 (Doc. 1). Respondent has filed a Return and Answer ("Answer") (Doc. 14). Petitioner did not file a Reply. The Petition is ripe for adjudication.

  Pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure,[1] this matter was referred to Magistrate Judge Macdonald for Report and Recommendation. The

---
[1] Rules of Practice of the United States District Court for the District of Arizona.

Magistrate Judge recommends that the District Court dismiss the Petition (Doc. 1).

## I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner was an inmate incarcerated at the United States Penitentiary ("USP") in Tucson, Arizona from January 23, 2015 until July 21, 2015. Answer (Doc. 14), Erickson Decl. (Exh. "A"), Inmate History (Attach. "1") at 1. On April 16, 2009, a criminal complaint was filed against Petitioner in the United States District Court for the District on New Jersey. *See* Answer (Doc. 14), Erickson Decl. (Exh. "A"), USDC D. N.J., Case No. 09-1038 (AMD), Criminal Complaint (Attach. "2"). At the time of filing the complaint, Petitioner was in the custody of the State of New Jersey, and appeared for his initial appearance in the federal case pursuant to a writ of habeas corpus ad prosequendum. Answer (Doc. 14), Erickson Decl. (Exh. "A"), USDC D. N.J., Mag. Case No. 09-1038 (AMD), Petition and Order for Writ of Habeas Corpus (Exh. "3"). On April 24, 2009, Petitioner appeared for his initial appearance in federal court. Answer (Doc. 14), Erickson Decl. (Exh. "A"), USDC D. N.J., Mag. Case No. 09-1038 (AMD), Minute Entry 4/24/2009 (Attach. "4"). Upon completion of his initial appearance, Petitioner was returned to the custody of the State of New Jersey. Answer (Doc. 14), Exh. "A", Attach. "4."

On May 27, 2009, Petitioner was again released from the custody of the State of New Jersey to federal authorities pursuant to a writ of habeas corpus ad prosequendum for a change of plea hearing. Answer (Doc. 14), Erickson Decl. (Exh. "A"), USDC D. N.J., Mag. Case No. 09-1038 (AMD), Petition and Order for Writ of Habeas Corpus

(Attach. "5"). On October 14, 2009, Petitioner was sentenced in the United States District Court for the District of New Jersey to sixty-eight (68) months incarceration followed by three (3) years of supervised release for one count of Bank Robbery. *See* Answer (Doc. 14), Erickson Decl. (Exh. "A"), USDC D. N.J., Case No. 1:09-CR-395-01 (NLH), Judgment in a Criminal Case 10/15/2009 (Attach. "6"). The District Court Judgment is silent regarding any other sentences to which Petitioner was subject to or may become subject to in the future. *See id.*, Exh. "A," Attach. "6." Petitioner's appearance at his sentencing was again secured from the State of New Jersey pursuant to a writ of habeas corpus ad prosequendum. Answer (Doc. 14), Erickson Decl. (Exh. "A"), USDC D. N.J., Crim. Case. No. 09-395 (NLH), Petition and Order for Writ of Habeas Corpus 8/26/2009 (Attach. "5"). After imposition of his federal sentence, Petitioner was returned to the custody of the State of New Jersey, and his federal judgment lodged as a detainer with the State of New Jersey. Answer (Doc. 14), Erickson Decl. (Exh. "A"), United States Marshals Service ("USMS") Individual Custody and Detention Report (Attach. "7").

On February 5, 2010, Petitioner was sentenced to five (5) years of incarceration without the possibility of parole for being a prohibited possessor of a firearm. Answer (Doc. 14), Erickson Decl. (Exh. "A"), Superior Court of New Jersey, Burlington County, Case No. 08-10-1108-I, Judgment of Conviction & Order for Commitment (Attach. "8"). On the same date, Petitioner was sentenced by the State of New Jersey to five (5) years of incarceration for second degree sexual assault. Answer (Doc. 14), Erickson Decl. (Exh. "A"), Superior Court of New Jersey, Burlington County, Case No. 09-10-1047-A,

Judgment of Conviction & Order for Commitment (Attach. "9"). This second state Judgment and Commitment directed that Petitioner's sentence "shall run concurrent to the sentence imposed under 08-10-1106-I and the federal sentence currently serving." *Id.*, Exh. "A," Attach. "9" at 1.

On August 8, 2014, Petitioner was released from the State of New Jersey's custody and received into federal custody to begin service of his federal sentence. Answer (Doc. 14), Exh. "A," Attach. "1." On December 22, 2014, Petitioner's state guilty pleas and subsequent sentences under Indictment 08-10-1106-I and Accusation 09-10-1047-A were vacated. *See* Answer (Doc. 14), Erickson Decl. (Exh. "A"), Superior Court of New Jersey, Burlington County, Case Nos. 08-10-1106-I & 09-10-1047-A, Order 12/22/2014 (Attach. "10"). On this same date, Petitioner re-entered his guilty pleas and a suspended sentence imposed. *Id.*, Exh. "A," Attach. "10" at 1. In light of this order, the Bureau of Prisons ("BOP") reviewed Petitioner's case to determine whether retroactive designation of the State of New Jersey correctional facility as the place of service for his federal sentence was appropriate. *See* Answer (Doc. 14), Erickson Decl. (Exh. "A"), Ltr. from Santana to the Hon. Noel L. Hillman 2/13/2015 (Attach. "11"). As a result of this review, the BOP contacted the United States District Court for the District of New Jersey sentencing judge in an effort to determine the District Court Judge's intention regarding the running of Petitioner's federal and state sentences. *See id.*, Exh. "A," Attach. "1." On April 6, 2015, the State of New Jersey re-sentenced Petitioner regarding Indictment 08-10-1106-I and Accusation 09-10-1047-A to one year of non-custodial probation. *See* Answer (Doc. 14), Erickson Decl. (Exh. "A"), Superior Court of

New Jersey, Burlington County, Case Nos. 08-10-1106-I & 09-10-1047-A, Judgment of Conviction 12/16/2015 (Attach. "13").

On May 4, 2015, BOP assessed the appropriateness of retroactive designation of Petitioner's state incarceration to his federal sentence pursuant to 18 U.S.C. § 3621(b). Answer (Doc. 14), Erickson Decl. (Exh. "A"), Factors Under 18 U.S.C. 3621(b) Worksheet (Attach. "12"). At the time of this assessment, BOP had not received input from the sentencing court regarding the designation. *Id.*, Exh. "A," Attach. "12." BOP was apparently also unaware of the state re-sentencing. *See id.*, Exh. "A," Attach. "12."

On July 13, 2015, the Honorable Noel L. Hillman responded to BOP's request for input, and indicated that from her perspective, retroactive designation of Petitioner's state court incarceration to his federal sentence was appropriate, this letter was received by BOP on July 20, 2015. Answer (Doc. 14), Erickson Decl. (Exh. "A"), Ltr. from the Hon. N. L. Hillman to Santana 7/13/2015 (Attach. "14"). On July 21, 2015, BOP reconsidered its retroactive designation and in light of the sentencing judge's input granted Petitioner's retroactive designation of his state court incarceration to his federal court sentence. Answer (Doc. 14), Erickson Decl. (Exh. "A"), Factors Under 18 U.S.C. 3621(b) Worksheet 7/21/2015 (Attach. "15"). Based upon this finding, Petitioner was released on July 21, 2015.

On October 30, 2014, Petitioner filed his Motion under 28 U.S.C. § 2255 to Vacate Set Aside, Or Correct Sentence by a Person in Federal Custody in the United States District Court for the District of New Jersey. *See* Petition (Doc. 1), Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody at 30–44. On

April 9, 2015, the Honorable Noel L. Hillman in the United States District Court for the District of New Jersey construed the Petition "as a petition filed pursuant to 28 U.S.C. §2241." USDC, D. N.J., Civil Case No. 14-6371 (NLH), Order 4/10/2015 (Doc. 1). Accordingly, the case was transferred to the United States District Court for the Eastern District of Pennsylvania. *Id.*; *see also* USDC, D. N.J., Civil Case No. 14-6371 (NLH), Opinion 4/10/2015 (Doc. 1) at 58–65. On June 30, 2015, the United States District Court for the Eastern District of Pennsylvania found it was the improper venue and transferred the matter to the District of Arizona. USDC, E.D. Pa., Civil Case No. 15-1941, Order–Memorandum (Doc. 6). On August 3, 2015, the matter was transferred to the United States District Court for the District of Arizona, and on August 10, 2015, the Honorable Cindy K. Jorgenson directed the United States Attorney's Office to file its response. In his Petition (Doc. 1), Petitioner sought to have his state and federal sentences run concurrently.

## II. ANALYSIS

### A. *Jurisdiction—In General*

"Federal courts are always 'under an independent obligation to examine their own jurisdiction,' . . . and a federal court may not entertain an action over which it has no jurisdiction." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (quoting *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990)). "Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's

execution must be brought pursuant to § 2241 in the custodial court." *Id.* at 864. Therefore, before proceeding to any other issue a court must establish whether a habeas petition is filed pursuant to § 2241 or § 2255 to determine whether jurisdiction is proper. *Id.* at 865.

Here, Petitioner does not claim that the sentencing court imposed an illegal sentence, rather he seeks relief regarding the calculation of his incarceration at a federal facility. As such, Petitioner is challenging the manner, location or condition of the execution of his sentence. *See e.g., Rogers v. United States*, 180 F.3d 349 (1st Cir. 1999) (section 2241 petition is appropriate vehicle to challenge the correctness of a jail-time credit determination, once administrative remedies have been exhausted); *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc), ("[c]hallenges to the validity of any confinement or to the particulars affecting its duration are the province of habeas corpus[.]" (quoting *Muhammad v. Close*, 540 U.S. 749, 750, 124 S.Ct. 1303, 158 L.Ed.2d 32 (2004)); *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991) (a prisoner's challenge to the "manner in which his sentence was executed . . . [is] maintainable only in a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241"); *Weinstein v. U.S. Parole Comm'n*, 902 F.2d 1451, 1452 (9th Cir. 1990) ("The district court had jurisdiction pursuant to 28 U.S.C. § 2241 to review a claim by a federal prisoner challenging a decision of the United States Parole Commission"). Such a challenge must be brought pursuant to § 2241 in the custodial court.

### *B. Mootness*

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins.*

*Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994). "The jurisdiction of federal courts is defined and limited by Article III of the Constitution." *Flast v. Cohen*, 392 U.S. 83, 94, 88 S.Ct. 1942, 1949, 20 L.Ed. 947 (1968). Further, the judicial power of this and all federal courts is limited to actual cases or controversies. U.S. Const. art. III; *see also, Flast v. Cohen*, 392 U.S. 83, 94–95, 88 S.Ct. 1942, 1949–50, 20 L.Ed.2d 947 (1968). "In general a case becomes moot 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Murphy v. Hunt*, 455 U.S. 478, 481, 102 S. Ct. 1181, 1183, 71 L.Ed.2d 353 (1982) (quoting *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396, 100 S. Ct. 1202, 1208, 63 L.Ed.2d 479 (1980)). "Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998) (citations omitted). The effect that this sentence may have on future sentences is not a sufficient injury for standing. *Lane v. Williams*, 455 U.S. 624, 633 n.13, 102 S. Ct. 1322, 1328 n.13, 71 L.Ed.2d 508 (1982) ("parole violations that remain a part of respondents' records cannot affect a subsequent parole determination unless respondents again violate state law, are returned to prison, and become eligible for parole. Respondents themselves are able – and indeed required by law – to prevent such a possibility from occurring."); *see also United States v. Palomba*, 182 F.3d 1121, 182 F.3d 1121, 1123 (9th Cir. 1999).

"[T]he function of the writ [of habeas corpus] is to secure immediate release from illegal physical custody." *Picrin-Peron v. Rison*, 930 F.2d 773, 775 (9th Cir. 1991)

(citations omitted). "The Supreme Court has held that 'under the writ of *habeas corpus* we cannot do anything else than discharge the prisoner from the wrongful confinement.'" *Id.* (quoting *Ex parte Medley*, 134 U.S. 160, 173, 10 S.Ct. 384, 388, 33 L.Ed. 835 (1890)) (emphasis in original). Where a habeas petitioner is not challenging the validity of his underlying conviction, but rather the location or condition of his confinement, release from custody moots the habeas petition. *Munoz v. Rowland*, 104 F.3d 1096 (9th Cir. 1997) (finding § 2241 petition challenging conditions of confinement moot because petitioner had been paroled, thus, relief sought was unavailable); *Pecrin-Peron* (dismissing § 2241 petition because petitioner had been granted immigration parole and released from custody).

Here, Petitioner was released from federal custody on July 21, 2015. *See* Fed. Bureau of Prisons ("BOP") Inmate Locater, https://www.bop.gov/inmateloc/ (last visited May 8, 2017). In his habeas petition, Petitioner sought release from custody based upon BOP's calculation of his federal sentence in relationship to his state court sentence. In light of Petitioner's release, this Court cannot provide him with the relief sought. Moreover, there is no expectation that Petitioner will again be subjected to this same set of circumstances, and as such, "[t]his is not a situation 'capable of repetition, yet evading review" to which the doctrine of mootness may not apply." *Reimers v. Oregon*, 863 F.2d 630, 632 (9th Cir. 1988) (quoting *Cox v. McCarthy*, 829 F.2d 800, 803 (9th Cir. 1987)). Accordingly, Petitioner's claims are moot, and his petition should be dismissed. *Munoz*, 104 F.3d at 1098.

. . .

*C.     Conclusion*

Based on the foregoing, the Court finds that Petitioner's Petition (Doc. 1) is now moot and should be dismissed.

## III.    RECOMMENDATION

For the reasons delineated above, the Magistrate Judge recommends that the District Judge enter an order DISMISSING Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1).

Pursuant to 28 U.S.C. § 636(b) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b)(2).  No replies shall be filed unless leave is granted from the District Court.  If objections are filed, the parties should use the following case number:  **CV-15-00337-TUC-CKJ**.

Failure to file timely objections to any factual or legal determination of the Magistrate Judge may result in waiver of the right of review.  The Clerk of the Court shall send a copy of this Report and Recommendation to all parties.

Dated this 9th day of May, 2017.

Honorable Bruce G. Macdonald
United States Magistrate Judge